## WALTER BROWN *versus* JOHN WARE.

Possession of personal property in the plaintiff is sufficient evidence of title, to enable him to maintain trespass therefor, unless the defendant exhibits a superior title.

If the owner of land has been disseized thereof, he cannot after that time maintain an action founded upon possession, until he has regained it; but by such disseizin, merely, the disseizor would not acquire a legal interest in the rents and profits, or in timber trees severed from the freehold. And should the disseizor cut the trees and appropriate them to his own use, he would be accountable to the owner for their value, after he had regained the possession, but would not be accountable for trees cut by a third person without his consent or connivance.

Where the owner of land has been disseized thereof for the term of six years, and has brought a writ of entry to obtain the possession, and the disseizor has put in his claim for improvements made by him during his possession, and the amount thereof has been found by the jury, and the owner of the land has elected to retain it and pay for the improvements, the disseizor should not be made acountable for timber trees cut upon the land, during the disseizin, by another without his consent or connivance; and if the timber, thus cut, has come into the actual possession of the owner of the land, and it is afterwards taken from him by the disseizor, he may maintain trespass therefor against the disseizor for such taking during the pendency of the writ of entry.

AT the trial, before TENNEY J. after the evidence was before the jury, on both sides, the substance of which is given in the opinion of this Court, the presiding Judge intimated an opinion, that the action could not be maintained; and thereupon the plaintiff consented, that a nonsuit might be entered, to be taken off, and the action to stand for trial, if in the opinion of the Court it could be maintained; and a nonsuit, on those terms, was then ordered.

*McCrillis* and *A. W. Paine* argued for the plaintiff, citing Stat. 1821, c. 47, § 1; 1 Greenl. Ev. 19 and 22; 1 Chitty on Pl. 521, 522; Stat. 1821, c. 62, § 5; 10 Mass. R. 146; 5 Pick. 131; 1 Kinne's Compend, 338 and authorities there cited; 6 Metc. 407; 4 Mass. R. 416; 3 Hill, 348.

*Kent & Cutting* argued for the defendant, and cited 10 Pick. 161; 17 Mass. R. 299; 14 Mass. R. 96; 1 Metc. 528; 8 Mass. R. 415; 15 Pick. 33; 22 Maine R. 451.

The opinion of the Court was drawn up by

SHEPLEY J. — This is an action of trespass brought to recover the value of certain mill logs cut during the former part of the year 1841, on lots numbered six and seven, in the town of Argyle, under a permit from Luther Lewis. The plaintiff had purchased them of the persons, who had cut them, and was in possession of them, when they were taken by the defendant. That was sufficient evidence of title to enable him to maintain the action, unless the defendant exhibited a superior title. His title was derived from Joseph Kinsman. He purchased of the Commonwealth of Massachusetts its title to a tract of land, including those lots, on February 26, 1833, and conveyed a part of it, including them, on March 20, 1833, to Hollis, Bowman, who on the same day reconveyed the premises to Kinsman in mortgage, who assigned the mortgage to the defendant on December 22, 1838.

To defeat this apparently good title, the plaintiff exhibited proof of a conveyance from the Commonwealth to John Bennoch, on December 1, 1815, of a tract of land including those lots, and of conveyances of them from Bennoch through several persons to Isaac Williams and Joseph Cotton, by whom they were conveyed to Luther Lewis on Febuary 6, 1838. If these conveyances were all operative, he became the legal owner of the lots. It appears, however, that Kinsman had disseized Williams and Cotton, before they conveyed to Lewis. And the owners would not after that time be able to maintain an action founded upon possession, until they had regained it. But Kinsman by such disseizin, merely, would not acquire a legal interest in the rents and profits, or in timber trees severed from the freehold. For the owners, after they had regained the possession, might recover the value of them in an action for the mesne profits. The disseizor would be considered, by cutting the trees and appropriating them to his own use, as obtaining their property and not his own.

Did the proceedings in the action of entry, prosecuted by Lewis in the names of his grantors to recover the lots, change the aspect of the case, and transfer the mill logs from the

owners of the land to their disseizor? The tenant alleged, that the premises were holden by virtue of a possession and improvement for more than six years before the commencement of the action; and filed a claim to have the jury find the increased value of them by reason of any buildings and improvements. And the demandants filed a claim to have them find, what would have been their value without such improvements. A verdict was found for the demandants by the jury, who also found the value of the land and of the improvements. The demandants made their election and paid the tenant for the improvements. The mill logs were cut, while the premises were held by virtue of that possession and improvement. But they were not cut by the tenant or by his consent or connivance. The tenant would become the owner of wood or timber cut on the premises during that time, by him or by his agency. For all his proceedings in the management of the estate, must be taken into consideration, to estimate the value of the improvements, or benefits to the estate. All questions respecting them would be adjusted by the finding of the jury; and no action for mesne profits could be maintained against him for his acts during that time. But he could not, in that estimate, be made responsible for the illegal acts of others, committed without his knowledge or connivance, on the premises; although their value might thereby be materially diminished. The jury are not by the statute required to consider or find, what damage has been occasioned by the acts of others without the fault of the tenant. The loss occasioned by such acts must in any event fall upon the owner of the land. Should he elect to pay for the improvements he would receive his land, diminished in value by them. Should he abandon it to the tenant, the price obtained for it would have been fixed at a less sum by reason of them.

In this case there is no proof, that the tenant was, or could have been made responsible for the acts of those persons, who cut the logs under Lewis; or that he could have obtained any

title to them by the estimate made of the value of his improvements.　　The defendant can have no better title.

　　　　*Nonsuit taken off, and action to stand for trial.*